Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WEISS and REBECCA WEISS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>ROCKET MORTGAGE, LLC, LANDMARK MORTGAGE CAPITAL, INC. and DOES 1 through 10 inclusive,<br><br>        Defendants. | CASE NO.: 2:24-cv-00401-MWF-PD<br><br><br><br><br>SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES |

Plaintiffs Aaron Weiss and Rebecca Weiss ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this class action against Defendants, ROCKET MORTGAGE, LLC and LANDMARK MORTGAGE CAPITAL, INC., by and through their attorney, and allege with personal knowledge as to their own actions, and upon information and belief as to those of others, as follows:

## INTRODUCTION

1.  This is an action for damages brought by individual consumers and on behalf of a class for claims under 15 U.S.C. §1681 et seq. or the Fair Credit Reporting Act ("FCRA"),

California Civil Code § 1750 et seq., ("The Consumers Legal Remedies Act"), for breach of contract, breach of fiduciary duty, fraud and violations of California Business and Professions Code §17200, et seq.

## PARTIES

2.  Plaintiff Aaron Weiss is a natural person residing in Los Angeles County, California and is a "consumer" as defined by 15 U.S.C. §1681a and Cal. Civ. Code § 1761(d).

3.  Plaintiff Rebecca Weiss is a natural person residing in Los Angeles County, California and is a "consumer" as defined by 15 U.S.C. §1681a and Cal. Civ. Code § 1761(d).

4.  Defendant Rocket Mortgage, LLC ("Defendant Rocket Mortgage") is a "user" of information within the meaning of the FCRA, 15 U.S.C. §1681 et seq., and a "person" Cal. Civ. Code § 1761(c), authorized to do business in the state of California.

5.  Defendant Landmark Mortgage Capital, Inc. ("Defendant Landmark") is a "user" of information within the meaning of the FCRA, 15 U.S.C. §1681 et seq., and a "person" Cal. Civ. Code § 1761(c), authorized to do business in the state of California.

6.  Upon information and belief, each Defendant, including but not limited to the DOE Defendants, was the agent and partner of each of the other Defendants, and was at all times acting within the purpose and scope of the agency and partnership, and at the direction of, or in conspiracy and agreement with the other Defendants. They are all jointly and severally liable for the claims in this action.

## JURISDICTION

7.  This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331, 1337, 1367.

8.  This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. This is a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B). The U.S. District Courts have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is different from any defendant. There is complete diversity of citizenship in this action. In accordance with 28 U.S.C. § 1332(d)(6), the claims of the individual class members must be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. The claims of the putative Class Members in this action exceed $5 million, exclusive of interest and costs, when aggregated. The number of members of each putative Class is more than 100.

10. This Court has supplemental jurisdiction over the state law claims in this matter pursuant to 28 U.S.C. § 1367(a), as such causes of action are so related to the claims in the action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the Defendants have continuously transacted business in this district and a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## FACTUAL BACKGROUND

### Count One

12. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

13. That in or about 2022, Plaintiffs attempted to refinance two of their properties - one located on Laguna Avenue in Los Angeles, California ("Laguna Property") and another located on Kingswell Avenue in Los Angeles, California ("Kingswell Property").

3

14. That Plaintiffs, in the process of refinancing said properties, worked with both Defendant Landmark Mortgage Capital, Inc. ("Defendant Landmark") who acted as the mortgage broker and "Loan Originator" and with Defendant Rocket Mortgage, LLC ("Defendant Rocket Mortgage") who acted as the lender regarding Plaintiffs' loans.

15. That in or about March 2022, Defendant Landmark conducted hard inquires on Plaintiffs' credit reports to determine whether Plaintiffs could be approved for loans to refinance their properties.

16. That shortly thereafter, the Plaintiffs were approved for two different loans by Defendant Rocket Mortgage – one to refinance the Laguna Property and another loan to refinance the Kingswell Property.

17. That for the Kingswell Property, Plaintiffs were approved for a loan by Defendant Rocket Mortgage (Loan Number 3501804121) in the amount of $710K with an interest rate of 3.75% and a rate lock until April 4, 2022.

18. That for the Laguna Property, Plaintiffs were approved for a loan by Defendant Rocket Mortgage (Loan Number 3501815834) in the amount of $522K with an interest rate of 3.75% and a rate lock until May 10, 2022.

19. That Defendant Rocket Mortgage sent a letter to the Plaintiffs dated March 4, 2022, referencing Loan # 3501804121, which stated the following in pertinent part" "Please be advised that Rocket Pro is working with LANDMARK MORTGAGE CAPITAL INC to meet your mortgage needs…We'll continue to keep you updated on any changes as we work with LANDMARK MORTGAGE CAPITAL INC towards finalizing the terms of your loan…"

20. That in March 2022, Defendant Rocket Mortgage prepared various loan documents for the Plaintiffs including, but not limited to the following: Loan Estimates referencing Loan ID# 3501804121 (for the Kingswell Property), a "Uniform Residential Loan Application" (which was signed by an agent for Defendant Landmark as the "Loan Originator" on March 7, 2022 and by the Plaintiffs on March 4, 2022), an "Affiliated

Business Arrangement Disclosure Statement," a "List of Homeownership Counseling Organizations," a "Borrower's Certification & Authorization," a "Loan Disclosure Summary," and other government disclosures.

21. That on March 4, 2022, the Plaintiffs signed a "Notice of Intent to Proceed with Loan Application" for the Kingswell Property prepared and originated by Defendant Rocket Mortgage for the purposes of funding said loan.

22. That in March 2022, Defendant Rocket Mortgage prepared various loan documents for the Plaintiffs including, but not limited to the following: a Loan Estimate referencing Loan ID# 3501815834 (for the Laguna Property), a "Uniform Residential Loan Application" (which was signed by an agent for Defendant Landmark as the "Loan Originator" on March 3, 2022 and by the Plaintiffs on March 4, 2022), an "Affiliated Business Arrangement Disclosure Statement," a "List of Homeownership Counseling Organizations," a "Borrower's Certification & Authorization," a "Loan Disclosure Summary," and other government disclosures.

23. That on March 4, 2022, the Plaintiffs signed a "Notice of Intent to Proceed with Loan Application" for the Laguna Property prepared and originated by Defendant Rocket Mortgage for the purposes of funding said loan.

24. That Defendant Rocket Mortgage prepared a "Closing Disclosure" dated 04/05/2022, with regard to the Kingswell Property, for the Plaintiffs, which listed a closing date of 04/11/2022, a disbursement date of 04/11/2022, Defendant Rocket Mortgage as the Lender and Defendant Landmark as the Mortgage Broker.

25. That Defendant Rocket Mortgage prepared a "Closing Disclosure" dated 03/28/2022, with regard to the Laguna Property, for the Plaintiffs, which listed a closing date of 04/04/2022, a disbursement date of 04/04/2022, Defendant Rocket Mortgage as the lender and Defendant Landmark as the Mortgage Broker.

26. That according to both "Closing Disclosures" under "Contact Information," the contact person for <u>both</u> Defendant Rocket Mortgage as the Lender and Defendant Landmark as the Mortgage Broker was the same individual – one "Vladimir Schlobohm Osteria."

27. That Defendant Rocket Mortgage prepared a "Locked Loan Notification" for the Kingswell Property dated 04/26/2022 referencing Loan 3501804121 and listing Defendant Landmark under "Partner Information."

28. That Defendant Rocket Mortgage prepared a "Locked Loan Notification" for the Laguna Property dated 04/26/2022 referencing Loan 3501815834 and listing Defendant Landmark under "Partner Information."

29. That upon information and belief, said documents, "Closing Disclosures" and "Locked Loan Notifications," were provided to the Plaintiffs by Defendant Landmark on behalf of Defendant Rocket Mortgage for the purposes of procuring said loans.

30. That on May 9, 2022, an agent for Defendant Rocket Mortgage (one "Tiffany, Credit Underwriter") contacted another agent for Defendant Landmark (one "Mark Dorado") seeking the payoff demand for the Kingswell Property.

31. That shortly thereafter, on May 9, 2022, the agent for Defendant Landmark, Mark Dorado, emailed Plaintiff Aaron Weiss to follow up on the payoff for the Kingswell Property, indicating in pertinent part, "Underwriting is asking if we can help with getting the payoff for Kingswell…"

32. That as of May 9, 2022, Plaintiffs continued to work with both Defendants on their loan applications by providing necessary documentation and other information upon request.

33. That as of May 9, 2022, both Defendants were simultaneously involved and engaged in communications regarding Plaintiffs' loan applications, including sending correspondence regarding payoff information and finalizing the loan process.

34. That on May 16, 2022, Plaintiffs were provided credit score disclosures by Defendant Landmark regarding the loan for the Kingswell Property.

Second Amended Class Action Complaint for Damages

35. That on May 16, 2022, Plaintiffs were provided credit score disclosures by Defendant Landmark regarding the loan for the Laguna Property.

36. That Plaintiffs received a report printed on May 16, 2022 at 3:55 P.M. which listed, among other things, "QM Findings" and "Points and Fees Breakdown" regarding the Kingswell Property.

37. That Plaintiffs received a report printed on May 16, 2022 at 3:57 P.M. which listed, among other things, "QM Findings" and "Points and Fees Breakdown" regarding the Laguna Property.

38. That upon the face of the documents themselves, it is not clear who prepared the above-referenced "QM Findings" and "Points and Fees Breakdown", but upon information and belief, said documents were provided to the Plaintiffs by Defendant Rocket Mortgage for the purposes of procuring said loans.

39. That once Plaintiffs' loans were approved, Plaintiffs spent approximately $849 on each property for appraisals and coordinated multiple site visits to ensure all units for each property were inspected for a proper appraisal.

40. That subsequently, Plaintiffs discovered two letters, both dated May 16, 2022, hereinafter referred to as "the May 16th Letters") from Defendant Rocket Mortgage (each referencing Loan Numbers 3501804121 and 3501815834, respectively), both of which stated the following, in pertinent part: "We've been working with your loan officer on your home loan. On 05/16/2022, you indicated you no longer want to move forward with your loan application, so we've stopped the application process and if you locked an interest rate, that rate was canceled."

41. That in the May 16th Letters, Defendant Rocket Mortgage went onto state the following, in pertinent part: "If you didn't mean to withdraw your application, have any questions, or need home financing in the future, please contact your loan officer at:

      LANDMARK MORTGAGE CAPITAL INC.

      695 Town Center Dr Ste 650

Second Amended Class Action Complaint for Damages

Costa Mesa, CA 92626

tandry@landmarkmcap.com" (sic)

42. That contrary to what was stated by Defendant Rocket Mortgage in its May 16th Letters, the Plaintiffs did <u>not</u> inform their loan officer, Defendant Landmark, that they no longer wanted to move forward with their loan applications.

43. That according to the May 16th Letters, Defendant Rocket Mortgage unlawfully cancelled the respective interest rates that the Plaintiffs were locked in for.

44. That Defendant Rocket Mortgage conveyed false information to the Plaintiffs in the May 16th Letters.

45. That the May 16th Letters from Defendant Rocket Mortgage were false and contained inaccurate information regarding the Plaintiffs' intent on their loan applications and the status of their loan applications.

46. That according to the May 16th Letters, Defendant Landmark conveyed false information to Defendant Rocket Mortgage regarding Plaintiffs' intention to proceed on their loan applications.

47. That as of May 16, 2022, Plaintiffs were still pursuing both loan applications and taking all steps necessary to complete all the requirements for both applications.

48. That as of May 16, 2022, Plaintiffs were continuing to receive various notifications and loan documents, including those discussed above, from the Defendants.

49. That the May 16th Letters were never mailed, emailed or provided to the Plaintiffs in any type of standard delivery; rather, the May16th Letters were posted onto the portal used by the Plaintiffs to upload their financial documents to the Defendants Landmark and Rocket Mortgage for purposes of completing their requirements for each loan.

50. That the Plaintiffs were never notified by either Defendant that the May 16th Letters were posted onto said portal.

Second Amended Class Action Complaint for Damages

51. That Plaintiffs did not notify Defendant Landmark that they did not want to proceed with the loans, nor did Defendant Landmark have any communications with Plaintiffs to that effect, despite having all of Plaintiffs' sensitive financial and personal information.

52. That the Plaintiffs did not inform either of the Defendants, at any time, that they wanted their loans cancelled.

53. That the Defendants made false statements and misrepresentations.

54. That the Defendants unlawfully breached their agreements with the Plaintiffs and failed to honor the interest rates that the Plaintiffs were locked in for.

55. That Plaintiffs relied upon Defendants' misrepresentations to their detriment.

56. That upon information and belief, Defendant Landmark acted willfully or negligently and obtained Plaintiffs' consumer reports under false pretenses.

57. That the consumer credit reports obtained by Defendant Landmark included highly sensitive, personal and private information about the Plaintiffs, including their credit history profile, private account information and other sensitive financial information.

58. That Plaintiffs' privacy has been invaded because of the willful, wanton, reckless and/or negligent conduct of Defendant Landmark.[1]

59. That Defendants acted recklessly and negligently by accessing and/or using Plaintiffs' personal data in a manner contrary to their obligations under the law.

60. That Defendants Landmark and Rocket Mortgage unlawfully invaded Plaintiffs' privacy by working together and sharing Plaintiffs' sensitive financial information throughout the loan application process.

---

[1] The Ninth Circuit has held that invasions of privacy are actionable and give rise to concrete harms, explaining that the harm inuring from such privacy intrusions "is highly offensive and is not trivial because a credit report can contain highly personal information." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 492 (9th Cir. 2019).

9

61. That based on the communications and documents exchanged between the Plaintiffs and each of the Defendants, the Defendants referenced one another continuously and repeatedly throughout the various loan documents and letters provided to the Plaintiffs.

62. That Defendant Rocket Mortgage would often request documentation and other information from Defendant Landmark who would then forward the request to the Plaintiffs, and vice versa, throughout the loan process.

63. That the Plaintiffs would often provide information and other loan requirements to Defendant Landmark who would then relay said information to Defendant Rocket Mortgage, and vice versa throughout the loan process.

64. That the conduct of both Defendants confused and deceived the Plaintiffs as to the status of their application, who was ultimately responsible, and is a concerted effort by all Defendants to avoid fault, lay blame on the other and circumvent liability.

65. That both of the Defendants, at some point, named the same individual as their respective contact person, thereby adding to Plaintiffs' confusion.

66. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiffs have suffered substantial injury in fact and lost money and/or property.

67. That as a result of Defendants' conduct, Plaintiffs' reputation, credit profile and credit history have been adversely affected.

68. That as a result of Defendants conduct, Plaintiffs suffered damages which include, but are not limited to: Plaintiffs' credit scores being lowered, higher interest rates on loan(s), lost business opportunity and monetary damages.

69. That as a result of Defendants' conduct, Plaintiffs suffered damages, including, but not limited to: mental and emotional distress [2], humiliation, shame, stress, anxiety, sleepless nights and aggravation.

---

[2] Emotional distress is a concrete harm. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 n.2 (9th Cir. 2022).

*Count Two*

69. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

70. That upon information and belief, the May 16th Letters were computer generated form letters, mass-produced by Defendant Rocket Mortgage, and disseminated by Defendant Landmark to consumers like the Plaintiffs via online portals without notice.

71. That in or about March 2022, rate mortgage rates were falling; rate drops were largely attributed to the fallout from the Russian invasion at that time and due to investors favoring stable, low-yield assets like securities and bonds. [3]

72. That upon information and belief, other consumers, like the Plaintiffs, were trying to take advantage of the current market climate and approached Defendant Landmark in order to secure low interest rates.

73. That at the time the Plaintiffs were initially approved for their loans, in or about March 2022, the average interest rates on similar loan applications were falling and in a range of approximately 3.0% - 4.0%. [4]

74. That at the time the Plaintiffs' loan applications were cancelled, the average interest rates on similar loan applications were rising to a range of approximately 4.5% - 6.3%. [5]

75. That subsequent to Plaintiffs' loans being approved, mortgage rates spiked. [6]

76. That based on the interest rates they were promised by Defendant Rocket Mortgage, Plaintiffs had no reason to cancel their loans, especially in light of the fact that the interest rates were rising and spiked after the Plaintiffs signed their loan documents with

---

[3] https://www.rate.com/resources/mortgage-rates-march-1-2022

[4] https://www.rate.com/resources/mortgage-rates-march-1-2022

[5] https://money.com/todays-mortgage-rates-may-16-2022; https://www.freddiemac.com/pmms

[6] https://themortgagereports.com/61853/30-year-mortgage-rates-chart

Second Amended Class Action Complaint for Damages

Defendants Landmark and Rocket Mortgage, as they were promised lower interest rates at the time their loans were approved.

77. That upon information and belief, Defendants refused to honor the interest rates they promised to said consumers in light of market changes and the rise in interest rates.

78. That upon information and belief, the Defendants unilaterally cancelled the loans promised to the Plaintiffs because the mortgage rates spiked in the period between the time Plaintiffs were first approved for their loans to the time the loans were about to be financed.

79. That based on the upsurge and spike in interest rates, Defendants had no intention to honor the rates previously offered to and accepted by the Plaintiffs.

80. That upon information and belief, Defendants acted jointly and in cahoots to systematically lure consumers like the Plaintiffs under false pretenses to obtain their business, knowing that they would not and did not intend to honor the rates and terms they promised to consumers like the Plaintiffs.

81. That upon information and belief, Defendants, in light of the current market trends and rising interest rates, acted jointly to intentionally back out of their contractual obligations to consumers like the Plaintiffs in order to secure more profitable transactions.

82. That upon information and belief, Defendants communicated false information to their clients through form letters and correspondence like the May 16th Letters on a wide scale basis, thereby breaching their contracts with other consumers like the Plaintiffs.

83. That upon information and belief, the May 16th Letters posted by Defendant Rocket Mortgage was a form letter computer generated and mass produced to fraudulently and deceptively cancel any and all loan applications during the months of March 2022 through August of 2022 so that the banks could backpedal out of their promises to generate funding due to uniquely rare rate increase in the mortgage rates at that time.

84. That Defendants made false statements and misrepresentations.

Second Amended Class Action Complaint for Damages

85. That other consumers, like the Plaintiffs, relied upon Defendants' misrepresentations to their detriment.

86. That as a result of Defendants' conduct, other consumers like the Plaintiffs, suffered damages.

**AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANT LANDMARK**

87. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

88. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., was enacted to regulate the collection, dissemination, and use of consumer information, including consumer credit information.

89. That by its acts and practices as hereinabove described, Defendant Landmark violated the following sections of the FCRA[7], which include, but are not limited to:

    a.   15 U.S.C. §1681n for willfully failing to comply with the FCRA;

    b.   15 U.S.C. §1681o for negligently failing to comply with the FCRA; and

    c.   15 U.S.C. §1681q for knowingly and willfully obtaining information on a consumer from a consumer reporting agency under false pretenses.

90. That as a result of this conduct, action and inaction of Defendant Landmark, the Plaintiffs suffered damages.

---

[7] Although the Court's Order regarding Defendant Rocket Mortgage, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 28) discusses Plaintiffs' FCRA "impermissible pull" claim under 15 U.S.C. §1681b at length, to the extent that the Court did not address the remaining FCRA claims Plaintiffs alleged in the First Amended Complaint, the Plaintiffs maintain and preserve their claims under 15 U.S.C. §1681n, §1681o and §1681q against Defendant Landmark.

## AS AND FOR A CAUSE OF ACTION AGAINST
## DEFENDANTS LANDMARK AND ROCKET MORTGAGE

91. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

92. That the Consumer Legal Remedies Act ("CLRA") or Cal. Civ. Code §1750, et seq. protects consumers against unfair and deceptive business practices and provides efficient and economical procedures to secure such protection.

93. That the Defendants are "persons" within the meaning of Cal. Civ. Code § 1761(c).

94. That the Plaintiffs are "consumers" within the meaning of Cal. Civ. Code § 1761(d).

95. That the services marketed and provided by Defendants are "services" within the meaning of Cal. Civ. Code § 1761(b).

96. That the services at issue here constitute a "transaction" within the meaning of Cal. Civ. Code § 1761(e).

97. That the services at issue here was for personal, family and household purposes within the meaning of Cal. Civ. Code § 1761(d).

98. That Defendants, by engaging in the acts hereinabove described, have committed violations of the CLRA which prohibits various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family or household purposes.

99. That the Plaintiffs contacted the Defendants to notify them of their unlawful conduct pursuant to Cal. Civ. Code § 1782, et seq.

100. That venue is proper because a substantial number of unlawful transactions occurred in this district.

101. That Defendants intentionally deceived Plaintiffs and other consumers like the Plaintiffs, by making false statements and various misrepresentations regarding the status of their respective loan applications.

102. That Defendants intentionally reneged on their obligations to honor lower interest rates promised to the Plaintiffs and other consumers like the Plaintiffs, all in a concerted attempt to increase their respective profits.

103. That Defendants have a duty to honor their contractual obligations to its consumers, including the Plaintiffs.

104. That the Defendants' misrepresentations deceived, and have a tendency to deceive, the general public.

105. That the Defendants' misrepresentations are material, insofar as a reasonable person would attach importance to said information and would be induced to act on said information in making financial decisions.

106. That the Plaintiffs, and other consumers like the Plaintiffs, reasonably relied on Defendants' misrepresentations and would not have pursued any transactions with the Defendants had they known the truth.

107. That the Plaintiffs, and other consumers like the Plaintiffs, suffered injury in fact and have lost money as a result of the Defendants engaging in the acts hereinabove described.

### AS AND FOR A CAUSE OF ACTION AGAINST
### DEFENDANTS LANDMARK AND ROCKET MORTGAGE

108. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

109. That the Defendants, by engaging in the acts hereinabove described, breached their respective contracts with the Plaintiffs, and other consumers like the Plaintiffs, by the following acts which include, but are not limited to: making various misrepresentations and confusing statements regarding loan terms, rates and deadlines; sending out false information; mischaracterizing the status of loan applications; for failing to provide accurate disclosures; and for failing to honor their obligations as set forth in their loan documents.

110. That Defendants breached their respective contracts with the Plaintiffs, and other consumers like the Plaintiffs, by making misrepresentations which were accepted and acted on in reliance of the same, and then unilaterally revoking their end of the deal and for making false statements in order to back out of their commitments.

111. That as a result of the Defendants' conduct, the Plaintiffs and other consumers like the Plaintiffs, suffered damages.

## AS AND FOR A CAUSE OF ACTION AGAINST
## DEFENDANTS LANDMARK AND ROCKET MORTGAGE

112. Plaintiffs repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

113. That there are implied covenants of good faith and fair dealing in every contract. There are also implied covenants in every contract that the contract will be performed with reasonable care and in a competent manner.

114. That Defendants, by engaging in the acts hereinabove described, have violated the covenant of good faith and fair dealing.

115. That the Defendants each committed a breach of good faith by the following acts which include, but are not limited to: making various misrepresentations and confusing statements regarding loan terms, rates and deadlines; sending out false information; mischaracterizing the status of loan applications; for failing to provide accurate disclosures; and for failing to honor their obligations as set forth in their loan documents.

116. That Defendants abused their discretion by accessing and using the credit reports of the Plaintiffs, and other consumers like the Plaintiffs, only to renege on their contractual obligations.

117. That upon information and belief, Defendants systematically use a "bait and switch" tactic with consumers, thereby defying the reasonable expectations of consumers like the Plaintiffs as a covert way of increasing their profits.

16

118. That Defendants' conduct was objectively unreasonable and in bad faith and therefore has the effect of denying consumers like the Plaintiffs the full benefit of their bargain with the Defendants.

119. That Plaintiffs performed all of their obligations with the Defendants, whereas there is no legitimate excuse or defense for Defendants' unlawful conduct.

120. That because the Defendants cannot find any grounds to excuse their abuses of discretion, they cannot preclude the Plaintiffs and other consumers like the Plaintiffs, for recovering for Defendants' breaches of good faith and fair dealing.

121. That as a result of Defendants' conduct, the Plaintiffs, and other consumers like the Plaintiff, have been damaged.

## AS AND FOR A CAUSE OF ACTION AGAINST
## DEFENDANTS LANDMARK AND ROCKET MORTGAGE

122. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

123. That Defendants, by engaging in the acts hereinabove described, have breached their fiduciary duties with the Plaintiffs, and other consumers like the Plaintiffs, by the following acts which include, but are not limited to: making various misrepresentations and confusing statements regarding loan terms, rates and deadlines; sending out false information; mischaracterizing the status of loan applications; for failing to provide accurate disclosures; and for failing to honor their obligations as set forth in their loan documents.

124. That as a result of the Defendants' conduct, the Plaintiffs, and other consumers like the Plaintiffs, suffered damages.

17

**AS AND FOR A CAUSE OF ACTION AGAINST**

**DEFENDANTS LANDMARK AND ROCKET MORTGAGE**

125. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

126. That the Defendants, by engaging in the acts hereinabove described, are liable for negligent misrepresentation for making certain misrepresentations regarding Plaintiffs' loan applications, including but not limited to the status, terms and conditions of said applications.

127. That said representations were not true.

128. That the Defendants made said misrepresentations without reasonable ground for believing them to be true.

129. That Defendants intended the Plaintiffs to rely on said representations.

130. That the Plaintiffs justifiably relied on Defendants' misrepresentations.

131. That as a result of Defendants' conduct, the Plaintiffs, and other consumers like the Plaintiff, have been damaged.

**AS AND FOR A CAUSE OF ACTION AGAINST**

**DEFENDANTS LANDMARK AND ROCKET MORTGAGE**

132. Plaintiffs repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

133. That the Defendants, by engaging in the acts hereinabove described, committed fraud by the following acts which include, but are not limited to: making various misrepresentations and confusing statements regarding loan terms, rates and deadlines; sending out false information; mischaracterizing the status of loan applications; for failing to provide accurate disclosures; and for failing to honor their obligations as set forth in their loan documents.

134. That the material representations made by the Defendants were false.

18

135. That when the Defendants made their material representations, they knew that their representations were false, or in the alternative, made the representations recklessly without knowledge of the statements' truth.

136. That the Defendants intended that the Plaintiffs act upon said representations.

137. That the Plaintiffs acted in reliance upon the Defendants' false representations.

138. That as a result of Defendants' conduct, the Plaintiffs, and other consumers like the Plaintiff, have been damaged.


**AS AND FOR A CAUSE OF ACTION AGAINST**

**DEFENDANTS LANDMARK AND ROCKET MORTGAGE**

139. Plaintiffs repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

140. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

141. That Defendants, by engaging in the acts hereinabove described, have committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

142. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

143. That consumers like the Plaintiffs are likely to be deceived, and that the Plaintiffs were in fact deceived, by Defendants' conduct.

144. That the Defendants have been unjustly enriched by committing said acts.

145. That as a result of Defendants' conduct, Plaintiffs have been harmed and has suffered damages including but not limited to: monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights; higher interest rates on certain loan(s); loss of credit; loss of the ability to purchase and benefit from credit;

actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

146. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiffs have suffered substantial injury in fact and lost money and/or property.

147. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiffs, and other consumers like the Plaintiffs, are entitled to recover their actual damages and restitution.

## CLASS ALLEGATIONS AS TO
## DEFENDANTS LANDMARK AND ROCKET MORTGAGE

148. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

149. This action is brought on behalf of Plaintiffs and the members of a class.

150. That the class consists of all persons whom Defendants' records reflect approached Defendant Landmark for real estate loans, were approved for said loans, subsequently received letters from Defendant Rocket Mortgage in substantially the same form as the May 16th Letter(s) sent to the Plaintiffs, notifying them that their loans we cancelled.

151. That upon information and belief, Plaintiffs allege that the claims of the putative Class Members in this action exceed $5 million, exclusive of interest and costs, when aggregated.

152. That upon information and belief, the number of members of the putative Class is more than 100.

153. That there is an acute danger of inconsistent verdicts in other states if class certification is limited to California. This is the type of case that needs to be adjudicated once for the entire nation. Any state law variations fall into a limited number of predictable patterns and do not render the action unmanageable if it is certified as a nationwide class action.

154.  That the choice of California as the forum for the nationwide class action is not arbitrary or unfair. The contacts with California are more significant than any other state, including the fact that California is the most populous State with approximately 12% of the population of the United States and therefore it is likely that there are more Class Members in California than any other State.

155.  That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the unlawful conduct by Defendants, including Defendants' misrepresentations and false communications, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants committed various misrepresentations and/or violated the aforementioned statutes by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers like the Plaintiffs, a matter capable of ministerial determination from the records of the Defendants.

(D) The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.  All putative Class Members have suffered identical injuries.

(E) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and consumer-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

156.  That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

consumer protection statutes and other laws. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

157.  That if the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. All applicable notice deadlines and statutes of limitations have been tolled by the delayed discovery rule.

158.  That as this case progresses and the parties engage in discovery exchange, the putative Class will be subject to further definition and refinement.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendants in the amount of:

(a) An order certifying the class defined above, appointing Plaintiff as class representative and appointing his attorney as class counsel;

(b) Statutory, actual and punitive damages provided by statute, common law and/or the Court's inherent power;

(c) Special, general, and compensatory damages and punitive damages;

(d) Equitable and injunctive relief;

(e) Restitution;

(f) Costs and reasonable attorney's fees provided by statute, common law and/or the Court's inherent power; and

(g) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and their agents, employees, affiliates and/or subsidiaries from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

## **<u>JURY DEMAND</u>**

Plaintiffs request trial by jury on all issues so triable.


Dated: July 15, 2024                                Respectfully Submitted,

                                                    /S/ Amir J. Goldstein     _____
                                                    Amir J. Goldstein
                                                    Attorney for Plaintiffs

Second Amended Class Action Complaint for Damages

# CERTIFICATE OF SERVICE

I, Amir J. Goldstein, Esq., hereby certify that on July 15, 2024, I served the within "Second Amended Class Action Complaint for Damages" upon Defendants as reflected below:

<u>Defendant Rocket Mortgage LLC</u>
via email/ECF:
J. Kirby McDonough, Attorney
kmcdonough@spencerfane.com

<u>Defendant Landmark Mortgage Capital, Inc.</u>
via USPS:
Landmark Mortgage Capital, Inc.
ATTN: Mike Timoschuk, President
9114 Adams Ave
Huntington Beach, CA 92646-3405

Second Amended Class Action Complaint for Damages